PER CURIAM:
Claimant brought this action for damage to his 1991 Buick Regal which occurred when he was traveling on Route 89 in Wetzel County and the vehicle struck a large rock in the road. Respondent was responsible at all times herein for the maintenance of County Route 89. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred on January 4, 2002, between approximately 2:30 p.m. and 3:00 p.m. The weather was clear and the road surface was dry. Claimant had two other passengers in the vehicle with him. They were on their way to work at the Willow Island Power Plant. Claimant was traveling westbound on Route 89 and was approximately one mile from the junction of Route 2. According to claimant, the road has two consecutive S-turns at this location. Claimant stated that the second S-turn is sharper than the first one, and when he *288 approached the second turn, he could not see around it. As soon as he rounded the second S-turn, he saw a large rock in the middle of his traveling lane. According to claimant, he did not have any way to avoid the rock. He was afraid to swerve into the left lane due to the possibility of oncoming traffic and there was no room to maneuver to the right side of the road. Edward Wade, Jr., was a backseat passenger. He stated that when the vehicle impacted with the rock there was a loud scraping type noise underneath the car. Claimant testified that the rock ripped a hole in the center of his gas tank approximately three inches long. The front seat passenger, James Warren, testified that he observed a large amount of gas leaking from underneath the car. Fortunately, no one was injured and claimant was able to drive the vehicle to respondent’s New Martinsville garage to report the incident. Claimant testified that the rock at issue was one foot long, six inches wide, and six or seven inches thick. Claimant and both passengers testified that it appeared to them that respondent had recently cut some brush along the portion of Route 89 where this incident occurred. In addition, claimant and the two passengers testified that there were brush piles stacked along the side of the road. Claimant stated that he believed that the rock probably fell from the hillside due to the brush cutting by respondent. He submitted a repair estimate in the amount of $462.58 for the damage to his vehicle and he submitted into evidence a pay stub indicating his lost wages for the day at issue in the amount of $212.04. Further, claimant was unable to go to work this day due to this incident. Thus, claimant seeks a total award of $674.62.
Claimant contends that respondent knew or should have known that there was a risk of rock falls at this location due to the brush cutting it had just performed in the area.
Respondent asserts that it had no notice of a rock fall hazard at this location prior to this incident and it asserts that it had not performed any recent work activities at this location that would have caused or contributed to this rock fall.
Jack Mason, crew leader for respondent in Wetzel County at the time of this incident, testified that his responsibilities include the daily supervision ofwork crews and overall maintenance of the roads. Mr. Mason was responsible for the maintenance of Route 89 at the location of this incident and he is familiar with the road. He stated that Route 89 is a two-lane road with a yellow line in the center and white lines on the edges. It is approximately twenty feet wide at this location. Mr. Mason recalls that the claimant reported this incident in person at respondent’s local office. In response, he sent a couple of employees to retrieve the rock but they could not find it. Mr. Mason stated that he did not have prior knowledge of this rock, nor did respondent have any prior knowledge that this was a rock fall area. Mr. Mason testified that he has never responded to a rock fall at this location. He also testified that there was no record that brush cutting work was performed by respondent at or near the location of this incident, and he was personally unaware of any such work being performed by respondent. Furthermore, he stated that, even if respondent had performed brush cutting at this location, he has never known of brush cutting to cause a rock to fall.
It is well established that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. *289 of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985); Hammond v. Dept. of Highways, 11 Ct. Cl. 234 (1977). In the present claim, claimant failed to establish thatrespondenthad prior notice of this rock in the road or that respondent should have known of a rock fall hazard at this particular location on County Route 89.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.